Dear Secretary-Treasurer Dickson:
You have requested an opinion of this Office as to whether Concordia Parish ("the Parish") can legally require owners of commercial or open land which borders residential property to keep the grass cut on the property. As will be discussed in more detail herein, it is the opinion of this Office that the ability of a Parish to legally require property owner to cut and remove grass and obnoxious weeds depends on the location of the property in question.
La.R.S. 33:1236 contains a list of powers of parish governing authorities. Specific to your request, section (21)(a)(i) states that police juries and other parish governing authorities have the power
 to pass ordinances to compel property owners to cut grass and obnoxious weeds on their property . . . If the owners of lots located within subdivisions outside municipalities in the parish fail to cut and remove such grass and weeds when requested to do so, within fifteen days after receipt of a registered or certified letter by the police jury of said parish, the police jury shall have authority to have such grass and weeds cut and removed and to charge the property owners therefore in accordance with regulations adopted by the police jury. [Emphasis added][1]
Pursuant to this provision of State law, the Concordia Parish Police Jury has enacted such an ordinance. Section 15-20, et seq of the Concordia Parish Code of Ordinances provides:
 the owners, or agents of such owners, of immovable property located within recognized subdivisions outside municipalities in the parish shall cut and remove all grass and obnoxious weeds from their property within *Page 2 
fifteen (15) days of the receipt of a registered or certified letter from the police jury requesting such person to do so.[2] [Emphasis added]
Notwithstanding this grant of authority, it should be noted that there are two limitations in both the state statute and the local ordinance with regard to the type of property subject to the above-cited provisions. The first limitation is that the property in question must be located within a recognized subdivision in the parish. The second limitation is that the property must be located outside of a municipality of the parish. As to the first requirement, the term "subdivision" is defined as "a tract of land surveyed and divided into lots for purposes of sale; especially one with houses built on it."[3] Further, La.R.S.33:5051 requires the owner of any real estate intending to divide same into squares or lots with the intention of selling the squares or lots to have the land surveyed and platted or subdivided by a licensed land surveyor. This law also requires the owner to file the plat or map in the office of the keeper of notarial records of the parish where the property is situated. La.R.S. 33:5051 (A)(3). Thus, the Parish should ascertain whether the commercial or open land in question is located within a recognized subdivision by examining the conveyance records of the Parish.
The Parish must next determine whether the property is located outside of a municipality of the parish. This is important because La.R.S.33:5062 gives to the local governing authority of any municipality meeting certain population restrictions the power to enact ordinances governing weed and grass cutting.[4] Therefore, the Parish only has the authority to enforce its grass cutting ordinances on property located within the Parish but outside of a recognized municipality.
Considering the provisions cited herein, it is the opinion of this Office that the Parish can compel owners of commercial or open land which borders residential property to keep the grass cut only if such property is located within a recognized subdivision located outside of a municipality in the parish. It is the responsibility of the Parish to make this determination by consulting the conveyance records of your parish. Furthermore, if the area in question is located within a municipality, the Parish should look to the municipality's ordinances for guidance. *Page 3 
We hope that this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our Office.
 Yours truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:
 Megan K. Terrell
 Assistant Attorney General
 JDC/MKT/tp
[1] See also La. Atty. Gen. Op. No. 86-310 (the police jury has the authority to pass the ordinances compelling property owners to cut grass and obnoxious weeds on their property).
[2] Code of Ordinances, Parish of Concordia, Chapter 15, Section 21.http://www.municode.com/Resources/gateway.asp?pid=10212 sid=18. Site last visited on July 18, 2008.
[3] Webster's Dictionary.http://www.merriam-webster.com/dictionary/subdivision. Site last visited on July 18, 2008.
[4] See also La. Atty. Gen. Op. No. 91-324 (municipality has authority to enact ordinances relative to cutting of weeds and tall grass along bank of navigable stream within its jurisdiction).